UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE JEROME JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-2732** |
| **BILL LOUIS MURRAY, JOHNNY D. CRAIN, BILL ALFORD, MONICA MAGEE, WARDEN DEMILLE TOPPS, ASST. WARDEN WALLACE CUMMINS** | **SECTION "R" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. The Court has determined that this matter can be resolved without an evidentiary hearing.

### I.     Factual Background

The plaintiff, Clarence Jerome Jackson ("Jackson"), is an inmate housed in the Washington Parish Jail ("WPJ") at the time of the filing of this complaint. Jackson filed this *pro se* and *in forma pauperis* complaint brought pursuant to 42 U.S.C. § 1983 against the defendants, District Attorney Bill Louis Murray, Johnny D. Crain as Clerk of the 22nd Judicial District Court, Public Defender Bill Alford, Monica Magee as a commissary clerk at WPJ, WPJ Warden Demille Topps, and WPJ Assistant Warden Wallace Cummins.

Jackson alleges that he filed a motion for discovery and inspection in his criminal case in the 22nd Judicial District Court on April 21, 2008. He complains that the court and the clerk of court never sent him copies of the requested discovery documents.

He further claims that, approximately two months later, he was taken to court, at which time his public defender, Bill Alford, read the police report to him. The police report had been one of the requested documents, but Alford told him that he did not have time to make a copy for him.

Jackson also alleges that the next time he asked his counsel for a copy, he was told that it would not be a good idea for him to have it, because someone may read it. He complains that he never received copies of the requested documents.

He further complains that, in October of 2008, he was called back to court for trial. That same day, his mother was told to come for the trial. Jackson claims that the District Attorney showed his mother a film and talked to her about convincing Jackson to accept a plea bargain with a 15-year sentence.

As relief for the failure to respond to his discovery request, Jackson seeks to have each defendant removed from office and his immediate release from jail. He also requests that the district attorney be recused from his case and each defendant investigated. He further seeks an order requiring the clerk of the 22nd Judicial District Clerk of Court to provide him copies of the requested discovery documents. He also seeks monetary damages.

## II. Standards of Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See*

*Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III.    Analysis

#### A.    No Constitutional Violation Alleged

Jackson alleges that he filed a motion for production of documents in his state criminal case. He complains that neither the court, the clerk of court, nor his public defender ever gave him copies of these documents.

Section 1983 imposes liability on any person who violates someone's constitutional rights under color of law. 42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of State Police.*, 491 U.S. 58 (1989). Under § 1983, the plaintiff must prove that a constitutional violation occurred and that the

3

defendant's actions were taken under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). Jackson has failed to state a violation of his constitutional rights arising out of the alleged failure to answer his discovery request.

The existence of a recognized liberty or property interest protected by the Constitution is a threshold requirement to a due process claim, whether substantive or procedural due process rights are involved. *Stiesberg v. California*, 80 F.3d 353, 356 (9th Cir. 1996). Constitutionally protected liberty interests may only be created by the due process clause or by state law. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1986).

> In order for a person to have a property interest within the ambit of the Fourteenth Amendment, he "must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.". . . Property interests are not created by the Constitution; rather, they stem from independent sources such as state statutes, local ordinances, existing rules, contractual provisions, or mutually explicit understandings . . . [I]t is clear that "the sufficiency of the claim of entitlement must be decided by reference to state law."

*Blackburn v. City of Marshall*, 42 F.3d 925, 936-37 (5th Cir. 1995) (citations omitted).

In this case, Jackson alleges his entitlement to copies of documents from his criminal case. It is not clear from the record whether the state trial court ruled on his motion. Nevertheless, the exhibits attached to his complaint demonstrate that he had not pursued review of the ruling, *vel non*, on the motion through the appropriate state court process. The exhibits show that he did not properly file for review in the state appellate court. This court does not sit as a super appellate court for alleged errors in state criminal proceedings. *See Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994).

Furthermore, the alleged failure to provide him with documents, which his attorney already had, does not invoke a due process or constitutional concern. First, under the concept of access to

the Courts, the fact that he had appointed counsel representing him and who was in fact provided with the documents, satisfies the right of access to as guaranteed by the Constitution and interpreted by the Supreme Court in *Bounds v. Smith*, 430 U.S. 817, 821 (1977). *See Schrier v. Halford*, 60 F.3d 1309, 1313-14 (5th Cir. 1995); *Mann v. Smith*, 796 F.2d 79, 83 (5th Cir. 1986); *Morrow v. Harwell*, 768 F.2d 619, 623 (5th Cir. 1985).

Second, to the extent plaintiff may believe that a liberty or property interest arises under state law, he is incorrect. The Louisiana Public Records Act ("LPRA"), defines certain documents as public records and grants the public access to those records, subject, however, to certain defined exceptions. The statute <u>exempts</u> from disclosure "records, or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, [or] police departments . . . pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled." La. Rev. Stat. Ann. § 44:3(A) (2009).

Considering the foregoing, Jackson has failed to establish the violation of a cognizable federal constitutional right arising from his inability to obtain copies of documents in his criminal proceeding. His claims are frivolous and otherwise fail to state a claim for which relief can be granted.

      **B.**    **<u>Public Defender Bill Alford</u>**

To the extent Jackson claims that his appointed counsel erred in failing to provide him with copies of the documents, his claim is still frivolous. Alford is not a proper defendant under § 1983.

As noted above, § 1983 imposes liability on any state actor who violates someone's constitutional rights under color of law. 42 U.S.C. § 1983 (2006); *see Will*, 491 U.S. at 58. It is well

established, however, that neither a privately retained attorney nor a court appointed attorney is a state actor for purposes of § 1983. *Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993) (citing *Dennis v. Sparks*, 449 U.S. 24 (1980)). Consequently, there can be no liability under § 1983 without some proof of an over joint action the State or one of its agents, to violate his constitutional rights. *Dennis*, 449 U.S. at 27-28; *Pete*, 8 F.3d at 216-17; *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992). In this case, the plaintiff has not alleged this. *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999); *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir.1991); *Dayse v. Schuldt*, 894 F.2d 170, 173 (5th Cir. 1990).

For these reasons, the claims against Alford should be dismissed as frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A.

### C.     Clerk of Court Johnny D. Crain

Jackson also seeks to hold Crain liable under § 1983 for failure to respond to his motion for the discovery by providing him with copies of discovery. Crain enjoys immunity from suit of this nature.

As an employee of the state trial court, Crain, as clerk of court, filed Jackson's motion for discovery. As far as a duty to provide the copies, the clerk would have to await direction from the presiding judge. In complying with the instructions of the judicial officer, the clerk would be assisting him or her in carrying out their judicial functions through the orders issued by the judge. Because of this, the clerk of court is entitled to the shield of absolute immunity with respect to any claim for monetary damages or injunctive relief. *See Mitchell v. McBryde*, 944 F.2d 229, 230-31 (5th Cir. 1991); *see also Johnson v. Graves*, No. 92-3586, 1993 WL 82323 (5th Cir. Mar. 18, 1993). This is because a court employee who acts under the explicit instructions of a judge "acts as the arm

of the judge and comes within his absolute immunity," even if the employee acts "in bad faith or with malice." *See Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980); *see also Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). To give blanket protection to the judges while at the same time denying protection to the subordinates acting at the judges' express direction would be perverse, egregiously unfair, and ultimately unworkable. *See Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996).

For these reasons, Crain is entitled to absolute immunity for his role, if any, in responding to the discovery request vel non under the direction of the presiding judge, in front of whom the motion was set. The claims against Crain should be dismissed as frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A.

### D. Magee, Topps, and Cummins

Jackson has named three members of the prison staff, commissary clerk Magee and Wardens Topps and Cummins as defendants in this case. He has failed to allege any action or inaction by any of these defendants or to mention them at all in content of his claims. He therefore has failed to state a violation of a constitutional right by these defendants or any basis for their alleged liability under § 1983. 42 U.S.C. § 1983 (2006); *see Will*, 491 U.S. at 58. The complaint against these defendants should be dismissed as frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A.

### E. District Attorney Bill Louis Murray

Finally, Jackson complains that Murray, the prosecutor, should not have contacted his mother about or involved her in the criminal proceedings. Murray is immune from suit under § 1983.

7

The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927). In order to determine whether a government official is absolutely immune from suit, the proper focus should not be the identity of the party claiming the immunity, but rather, his "role in the context of the case." *Mays*, 97 F.3d at 110. In other words, immunity attaches to particular official functions, not to particular offices. *Forrester v. White*, 484 U.S. 219, 229 (1988); *see also O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in court. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Jackson's claims against Murray are intimately associated with the judicial phase of the criminal process. His challenge relates to the prosecution of the case itself. Murray is clearly entitled to absolute immunity from suit for his role in prosecuting the charges against Jackson. The claims against Murray must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

### F. Habeas Corpus Relief

As part of his request for relief, Jackson seeks injunctive relief through his immediate release from jail, and under a broad reading, dismissal of the charges against him. This relief sounds in the law of habeas corpus not civil rights under § 1983. This § 1983 civil rights proceeding is not appropriate for pursuing that type of relief. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g en banc granted and opin. vacated*, 133 F.3d 940 (5th Cir. 1997), *rev'd in part on other grounds and opin. reinstated in relevant part*, 154 F.3d 186, 187 (5th Cir. 1998) (*en banc*); *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir. 1986). Jackson should pursue any such relief in a properly filed state criminal motion, state writ application, or federal habeas corpus proceeding, if appropriate.

## IV. Recommendation

It is therefore **RECOMMENDED** that the Jackson's § 1983 claims against the defendants, Murray, Crain, Alford, Magee, Topps, and Cummins be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief for which relief can be granted, and/or for seeking relief against immune defendants pursuant to § 1915(e)(2) and § 1915A(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 29th day of January 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.